**CHEMICAL BANK, Appellee,**

**v.**

**Norman GELLER and Blair Realty, Appellants.**

**No. 83–7550.**

United States Court of Appeals, Second Circuit.

May 22, 1984.

Before FRIENDLY, OAKES and PIERCE, Circuit Judges.

## ORDER ON PETITION FOR REHEARING

Following Chemical Bank's petition for rehearing, we requested Geller and Blair Realty to file a response and they did so. While we deny Chemical Bank's petition we believe clarification of our directions to the district court is desirable. We therefore add the following matter to our opinion now reported at 727 F.2d 61 (2d Cir.1984).

On remand the case seems at least to present the following issues:

1. Were all the loans from Chemical affected by fraud in the inducement, to wit, Chemical's alleged misrepresentation in regard to the prime rate?

2. If not, was each payment of interest to Chemical so affected, since the bill for interest constituted a misrepresentation?

3. Irrespective of fraud, was Coastal bound to pay interest only at the "true"

prime rate rather than what Chemical charged?

4. In view of the waiver in the guarantees, can Geller and Blair Realty avail themselves of 1 or 2? We have properly held they can avail themselves as to 3.

5. To what extent have any of the foregoing claims been conclusively determined as regards Coastal by the release and dismissal in the consent judgment of the bankruptcy court dated May 8, 1980?

6. If they were so determined as regards Coastal, were they likewise so determined as regards Geller and Blair Realty?

7. To the extent that the answer to 5 and 6 is affirmative, would the same conclusion apply to a) post-petition interest and b) interest on post-petition loans, and is Chemical suing for interest on any such loans?

All these issues, insofar as they relate to Coastal, will have to be determined in the action, *Coastal Steel Corp. v. Chemical Bank,* Civil No. 82–1714, now pending in the District of New Jersey, in which Judge Thompson had already written a substantial opinion, A 149–65.

We repeat our suggestion that the district court stay or transfer as per the penultimate paragraph of our opinion, 727 F.2d at 64.